Eastern Dis.
*April,* 1841.

TURNER & RENSHAW *vs.* WHEATON ET AL.

---

## TURNER & RENSHAW *vs.* WHEATON ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The exclusion of warranty in a sale, does not absolve a vendor from the obligation of disclosing the redhibitory vices not apparent.

Where the seller failed to inform the buyer that the slave was a runaway, it was held sufficient to rescind the sale, although sold without any warranty except as to title.

This is an action against the maker and endorser of a promissory note for $228 75, and interest.

Wheaton, the maker of the note. admits his signature, but avers it was given in part and for the price of a slave which he purchased from the plaintiffs for the sum of $610. He further states that he paid part cash and gave his two notes, (the first of which is now sued on) for the price. That at the time he purchased said slave she was a thief and runaway, which was known to plaintiffs and withheld from him; and that she is worthless and of such notorious bad character that had he known it, he would not have purchased her. He avers he has tendered her to the plaintiffs and demanded a return of the price, which they have refused. He therefore prays judgment in reconvention for a rescission of the sale, the return of the amount he has paid, and that his notes be given up.

The case was tried on this issue. It turned mainly on the

EASTERN DIS. testimony relating to the redhibitory vices set up in the recon-
April, 1841. ventional demand. The plaintiffs rested their case, principally
TURNER    on the ground that they sold without warranty, except the title,
&
RENSHAW  and are not liable for any redhibitory vices; and further that
vs.
WHEATON ET AL. the evidence does not show such a habit of running away as to
materially affect the character of the slave; and the allegation
that she was a thief is not proved.

The district judge was however of opinion both allegations
of defendant, Wheaton, in his reconventional demand were
proved, and that the redhibitory vices complained of existed to
the knowledge of the plaintiffs at the time of the sale, and
were concealed from the purchaser. There was judgment
against the plaintiffs, and in favor of the defendants, allowing
the reconventional demand. The plaintiffs appealed.

*C. M. Jones*, for the plaintiffs.

*Durant*, for the defendant:

1. There is no error in the judgment of the court below, the
same being fully supported by the evidence and the law appli-
capable to the case.

2. It is clearly shown by the proof that the slave was a thief
and a runaway to the knowledge of vendors at the time of sale
and that they concealed these facts from vendee.

3. A guaranty of title only in the sale, cannot absolve the
vendor from the obligation of disclosing the vices, not appa-
rent, which he knows to exist.

*Morphy, J.* delivered the opinion of the court.

The defendants being sued as the drawer and endorser of a
note of hand; Wheaton, the drawer, pleaded in answer and
reconvention that the note had been given by him in part pay-
ment of the price of a negro woman purchased of plaintiffs.
That the slave was a notorious thief and runaway, to the
knowledge of the vendors, who concealed the fact, instead
of declaring it, as they were bound to do. There was a judg-

ment below rescinding the sale and decreeing the reimburse-ment of such part of the price as had been paid.

It appears from the record that the slave was warranted only as to title, but not as to the vices and maladies provided against by law. This court has always held that the exclusion of warranty in a sale does not absolve a vendor from the obligation of disclosing the vices, not apparent, which he knows to exist.—6 M. R. p. 699—7 M. R. 33.—La. Code, art. 2526. As to the evidence it satisfies us, as it did the Judge below, of the existence of the vices complained of; and of plaintiff's knowledge, of at least one of them. The circumstance of their vendor testifying that when he informed them that the slave was a runaway, he told them at the same time where she would probably go, cannot assist plaintiffs. Had they made the same communication to Wheaton, he would not perhaps have made the purchase. The same witness informs us that whenever she ranaway from plaintiffs she did not come directly to his house; that he understood from plaintiffs on those occasions that she had been absent two or three days before she was found at his house. The testimony of several other witnesses shows that her bad habit began long before the sale, and continued while she was in the possession of defendants. One of the witnesses represents her as such a worthless creature that he would not take her as a gift, with the obligation of keeping her six months.

The judgment of the District Court is therefore affirmed with costs.

The exclusion of warranty in a sale, does not absolve a vendor from the obligation of disclosing the redhibitory vices not apparent.

Where the seller failed to inform the buyer that the slave was a runaway, it was held sufficient to rescind the sale, altho' sold without any warranty except as to title.