Ogden v. Michel and Husband.

ROBERT NASH OGDEN *v.* JOSEPHINE MICHEL and Husband.

An exclusion of warranty, fraudulently made, cannot avail the vendor, who is bound to disclose redhibitory vices and defects, within his knowledge, not discoverable on inspection. C. C. 2480. *Aliter*, where such exclusion was made in good faith, there being no proof that the vendor knew of the existence of such vices.

The redhibitory action must be instituted within a year from the date of the sale ; the only exceptions to this rule being, where the vendor knew of the vice and neglected to declare it to the purchaser ; or, not being domiciliated in the state, absented himself before the expiration of the year following the sale, when the prescription remains suspended during his absence. C. C. 2512.

APPEAL from a judgment of nonsuit in the District Court of East Baton Rouge, *Johnson*, J.

*Elam*, for the appellant.

*Edwards,* for the defendants.

BULLARD, J. The plaintiff sues to rescind the sale of a slave, made to him by the defendant as the testamentary heir of Luppé, on the allegation that the slave was represented as a good subject and free from all redhibitory vices and defects, whereas; he was addicted to theft and running away, to the knowledge of the defendant. There was judgment against him and he has appealed.

It is shown that the sale of the slave and other property was made by an auctioneer. The advertisement which preceded the sale, setting forth its conditions and terms, states that the whole will be sold with the right, title and interest, that the said Luppé had thereto, and that no *other guarantee will be given.* The sale at auction was followed by a conveyance before a notary, and the act of sale, which bears date January 9th, 1837, purports to convey all the right, title, and interest, which Luppé deceased had in and to the slave, *with no other warranty.*

From January, 1837, until the spring of 1841, the boy William appears to have conducted himself well. More than four years after the sale to the plaintiff, he ran away. It appears that for four or five years before the death of his former master, he had not run away, although previously he had done so repeatedly. He seems to have been a faithful servant for many years, until he finally made his escape from his new master. The allegation that the vendor (Michel) knew of the former habit of the slave, is fully negatived by the evidence. The exclusion of any other warranty than that of the title derived from Luppé was, therefore, made in good faith; and there is nothing to show any fraud on the part of the vendor.

The case of *Turner & Renshaw* v. *Wheaton et al.,* 18 La. 37, relied on by the appellant, is to the same effect. In that case, the exclusion of warranty, as to every thing except title, was made with a knowledge on the part of the vendor of redhibitory vices, which he failed to disclose at the time of the sale, and which good faith required him to disclose. The principle laid down in article 2480 of the Civil Code that "although it be agreed that the seller is not subject to warranty, he is, however accountable for what results from his personal act, and any contrary stipulation is void" receives its application in such cases as that above quoted. An

exclusion of warranty, made fraudulently, cannot avail the vendor, because he is bound to disclose those vices and defects, within his knowledge, which are not discoverable on inspection. In this case ten or twelve years had elapsed without any act on the part of the slave, showing a disposition to run away. Whether the habit might then be said to exist, or to have ceased at the time of the sale and to have revived afterwards, is a question we do not think it necessary to decide. Even if that were doubtful, we think it clear that the action is barred by prescription. The redhibitory action must be instituted within a year at the furthest, commencing from the date of the sale. The only exceptions laid down by the Civil Code are, when the vendor had knowledge of the vice, and neglected to declare it to the purchaser; and where the vendor, not domiciliated in the state, has absented himself before the expiration of the year. Art. 2512.

We have already said that the vendor is not shown to have known of the existence of the vice, if indeed it can be said to have existed at all, at the moment of the sale, after it had ceased for so many years to manifest itself by any overt act.

*Judgment affirmed.*