RICHARDSON
v.
EMSWILER

---

## HANNIBAL FAULK *v.* JOHN S. HOUGH et al.

The exclusion of warranty in an act of sale, cannot avail the vendor, when it is fraudulently made, as he is bound to disclose redhibitory vices and defects in the thing sold, when he knows of their existence; and the vendee is not precluded by such exclusion, from showing that previous to the date of the sale, the vendor was aware of the existence of redhibitory defects, which he fraudulently concealed from him.

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *Todd & Brigham*, for plaintiff. *Parsons & Ludeling*, for defendants and appellants.

VOORHIES, J. The plaintiff sues for the price of a slave, which he sold to the defendant, with an exclusion of warranty.

The defence set up is, that the vendor was aware of the fact, that, at the time of the transfer, the slave was afflicted with a redhibitory disease, a fact of which the vendee was totally unaware; and that it was on account of the fraud and misrepresentations of the former, that the latter consented to purchase the slave under the circumstances.

When the case was called for trial, the defendant prayed for a continuance, on the ground, that *David M. Day*, a witness, whom he had caused to be regularly cited, was not in attendance. The affidavit states substantially, that the absence of this witness is not attributable to the defendant; that his testimony is mate-

rial to the issue; that the defendant expects to prove by him the unsoundness of the slave previous to the date of the sale; that plaintiff was frequently urged by his wife to sell or dispose of this slave, on account of her unsoundness and worthlessness; and, finally, that the defendant hopes and expects to procure the testimony of this witness by the next term of the District Court.

There are two other petitions for a continuance, setting forth the absence of *A. S. Washburn* and *John H. Taylor*, witnesses summoned on behalf of the defendant, the subpœna having been regularly served upon the former, but not upon the latter, on account of his temporary absence. The petition, as to this witness, states, however, that the defendant has used due diligence. The defendant expects to prove by one of these witnesses, the plaintiff's statement, that the slave had no other disease but chills, at the time of the sale; and by the other, the fact that she died of the dropsy, a disease which she had contracted previously to the date of the transfer.

The defendant was ruled to trial, notwithstanding these motions for a continuance. It is argued that the exclusion of warranty in the deed of sale, made it unimportant to prove the existence of a redhibitory defect, and that, in fact, the defendant was estopped from making that defence. So it would be, had the mere existence of a redhibitory defect been relied upon as a bar to the plaintiff's demand. But it is alleged in the answer, that this contract is tainted with fraud as regard the stipulation of warranty; and that is what the defendant wishes to prove by the witnesses, whose absence deprive him of the benefit of their testimony.

The Civil Code provides, Art. 2526 : " The renunciation of warranty, made by the buyer, is not obligatory, when there has been fraud on the part of the seller."

Independently of this text of the law, it is evident that under the provisions of the Civil Code, upon the vitiation of all contracts in general, on the ground of fraud and error, the party would be entitled to relief upon a proper showing.

In the case of *Ogden* v. *Michel and Husband*, reported in 4th R. p. 156, the court said : " The case of *Turner & Renshaw* v. *Wheaton et als.*, 18 La. 37, relied on by the appellant, is to the same effect. In that case, the exclusion of warranty, as to every thing except title, was made with a knowledge on the part of the vendor, of redhibitory vices, which he failed to disclose at the time of the sale, and which good faith required him to disclose. The principle laid down in Art. 2480 of the Civil Code, that, *although it be agreed that the seller is not subject to warranty, he is, however, accountable for what results from his personal act, and any contrary stipulation is void*, receives its application in such cases as that above quoted. An exclusion of warranty, made fraudulently, cannot avail the vendor, because he is bound to disclose those vices and defects, within his knowledge, which are not discoverable on inspection."

The exclusion of warranty, stipulated in the deed of sale from the plaintiff to the defendant, does not preclude the latter from showing that, previous to the date of the contract, the former was aware of the existence of redhibitory defects, which he concealed from the purchaser.

The continuance prayed for should have been granted, unless the opposite party admitted that the absent witnesses would, if present on the trial, testify to the facts stated in the motion. Acts of 1839, p. 164, and 1840, p. 124, amending C. P. 466. This was not done, however. The defendant was then entitled to a continuance.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, and that this case be remanded for a new trial; the appellee paying the costs of appeal.